IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| ADAPTIX, INC. v. HUAWEI TECHNOLOGIES CO. LTD., et al. | § § § § | No. 6:13cv438 |
|---|---|---|
| ADAPTIX, INC. v. HUAWEI TECHNOLOGIES CO. LTD., et al. | § § § § | No. 6:13cv439 |
| ADAPTIX, INC. v. HUAWEI TECHNOLOGIES CO. LTD., et al. | § § § § | No. 6:13cv440 |
| ADAPTIX, INC. v. HUAWEI TECHNOLOGIES CO. LTD., et al. | § § § § | No. 6:13cv441 |
| ADAPTIX, INC. v. ZTE CORPORATION, et al. | § § § | No. 6:13cv443 |
| ADAPTIX, INC. v. ZTE CORPORATION, et al. | § § § | No. 6:13cv444 |
| ADAPTIX, INC. v. ZTE CORPORATION, et al. | § § § | No. 6:13cv445 |
| ADAPTIX, INC. v. ZTE CORPORATION, et al. | § § § | No. 6:13cv446 |

**MEMORANDUM ORDER**
**ADOPTING REPORT AND RECOMMENDATION**

The above cases have been referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The September 19, 2014 Report of the magistrate judge which contains her proposed findings of fact and recommendations for the disposition of such actions has been presented for consideration. Before the Court are the following:

(1) Defendants Huawei Technologies Co., Ltd., Huawei Technologies USA, Inc., Huawei Device USA Inc., Cricket Communications, Inc. d/b/a Cricket Wireless, T-Mobile USA, Inc., MetroPCS Communications, Inc., and MetroPCS Wireless, Inc.'s Objections to September 19, 2014 Report and Recommendation of the Magistrate Judge, filed in 6:13cv438, -439, -440, and -441 (Dkt. Nos. 110, 105, 112, 93);

(2) Defendants ZTE (USA) Inc., Boost Mobile LLC, T-Mobile USA, Inc., Sprint Spectrum L.P., and U.S. Cellular Corporation's Objections to Report and Recommendation of the United States Magistrate Judge, filed in 6:13cv443, -444, -445, and -446 (Dkt. Nos. 99, 98, 103, 83);

(3) Plaintiff's Objections to Report and Recommendation Regarding Summary Judgment of Invalidity Under 35 U.S.C. § 112(b) (Dkt. Nos. 111, 104, 113, 94, 100, 99, 104, 84);

(4) Plaintiff's Opposition to Defendants' objections; and

(5) Defendants' Response to Plaintiff's objections.

The Court has conducted a *de novo* review of the magistrate judge's findings and conclusions.

## **BACKGROUND**

Plaintiff Adaptix, Inc. ("Plaintiff") brings suit alleging infringement of United States Patents No. 6,947,748 ("'748 patent") and 7,454,212 ("'212 patent") (collectively, the "patents-in-suit"). On August 15, 2014, Defendants moved for summary judgment, asserting claims 8, 11, 19, and 21 of the '748 patent, and claims 9, 11, 18, and 26 of the '212 patent are indefinite and therefore invalid under 35 U.S.C. § 112. Defendants presented three indefiniteness arguments, two of which were presented in *Adaptix, Inc. v. AT&T Mobility LLC, et al.*, and related cases. Cause No. 6:12cv17; *see also* Cause Nos. 6:12cv20, -120 ("*AT&T*").[1] In their

---

[1] In those related cases, the magistrate judge entered a Report and Recommendation on March 24, 2014, recommending the defendants' motion for summary judgment of invalidity based on indefiniteness be granted as to claims 2-4 of the '212 patent but denied as to claims 8-9, and 11 of the '748 patent and claims 9-10 of the '212 patent. The undersigned overruled the objections to the Report and Recommendation, adopting the Magistrate Judge's Report as the findings and conclusions of the Court. *See* Civil Action No. 6:12-CV-17, Dkt. No. 197, 5/29/2014 Order.

current motions, Defendants argue the Supreme Court's recent decision in *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120 (2014) "modified the analysis and increased the level of specificity required to overcome a challenge for indefiniteness." Cause No. 6:13cv438, Dkt. No. 81 at pg. 5.

In *Nautilus*, the Supreme Court held that the claims, read in light of the specification and the prosecution history, must inform a person of skill in the art of the scope of the invention with reasonable certainty. *Id.* at 2129. *Nautilus* rejected the Federal Circuit's "amenable to construction" and "insolubly ambiguous" tests, holding that a standard which "tolerates some ambiguous claims but not others[] does not satisfy the statute's definiteness requirement." *Id.* at 2130. *Nautilus* makes clear that "[i]t cannot be sufficient" to "ascribe some meaning to a patent's claims; the definiteness inquiry trains on the understanding of a skilled artisan at the time of the patent application, not that of a court viewing matters post hoc." *Id.*

## REPORT AND RECOMMENDATION

**Sections IV.A and IV.C**

Pursuant to the definiteness requirements set forth in *Nautilus*, Defendants sought summary judgment that the term "each cluster" in claim 8 of the '748 patent and claim 9 of the '212 patent lacks an antecedent basis and does not, when "viewed in light of the specification and prosecution history, inform those skilled in the art about the scope of the invention with reasonable certainty." Cause No. 6:13cv438, Dkt. No. 81 at pgs. 4-5. Specifically, Defendants argued that "the claims do not describe which 'subcarriers' belong to 'each cluster.'"

In Section IV.A of the Report and Recommendation, the magistrate judge found *ResQNet.com, Inc. v. Lansa, Inc.,* 346 F.3d 1374 (Fed. Cir. 2003) weighed against finding that

---

Defendants have moved for reconsideration, asserting the "tide has changed significantly in the wake of the *Nautilus* decision" and claims 8-9 and 11 of the '748 patent and claims 9-10 of the '212 patent are indefinite. *Id.*, Dkt. No. 202 at pg. 1.

3

the term "each cluster" can stand on its own, without any antecedent basis, particularly in the absence of any "narrowing construction" under *Exxon Research & Eng'g Co. v. U.S.,* 265 F.3d 1371 (Fed. Cir. 2001).

In light of *Nautilus* having abrogated the "narrowing construction" portion of *Exxon* upon which the Court relied in *AT&T*, the magistrate judge concluded that the disputed term "each cluster" requires an antecedent basis but lacks any clear antecedent basis. According to the magistrate judge, this lack of clear antecedent basis for "each cluster" renders the claims indefinite as failing to "inform those skilled in the art about the scope of the invention with reasonable certainty." *Nautilus*, 134 S.Ct. at 2129.

Defendants also argued with respect to "the indication" limitation that claims 11 and 26 of the '212 patent are indefinite for the same reason the Court rendered claim 2 of the '212 patent insolubly ambiguous in the *AT&T* decision—the lack of clear antecedent basis. In Section IV.C, the magistrate judge agreed with Defendants, finding claims 11 and 26 of the '212 patent suffer from the same antecedent basis ambiguity as claims 2-4. For the same reasons the Court in *AT&T* found claims 2-4 of the '212 patent invalid as indefinite, the magistrate judge recommended the Court find claims 11 and 26 of the '212 patent invalid as indefinite.

**Plaintiff's objections to Section IV.A and IV.C**

With regard to "each cluster," discussed in Section IV.A of the Report and Recommendation, Plaintiff relies on the Court's earlier ruling in the *AT&T* cases, wherein it adopted the magistrate judge's contrary recommendation that the claim was not indefinite because the term "each cluster" does not require any antecedent basis. Noting the magistrate judge appears to base her change of opinion on the Supreme Court's abrogation of a court's ability to make a narrowing construction, Plaintiff asserts *Nautilus* did not abrogate, or even

4

mention, narrowing constructions. According to Plaintiff, *Nautilus* does not prohibit the Court from making a narrowing construction in these cases, even were such a construction required. In any event, Plaintiff asserts the Court's prior construction ("a logical unit that contains at least two physical subcarriers") satisfies the "reasonable certainty" requirement of *Nautilus*.

According to Plaintiff, each "cluster" of subcarriers sending feedback information to the base station has an antecedent basis in the "candidate subcarriers." Plaintiff argues *ResQNet*'s construction of "each," as used in that case to mean "every" (or "all"), does not alter the fact that "each cluster" is still able to stand on its own and is understandable to one of ordinary skill with "reasonable certainty" as required by *Nautilus*. Plaintiff also takes issue with the Report and Recommendation's failure to mention how one of ordinary skill in the art would interpret "each cluster."

Regarding the magistrate judge's recommendation that the term "indication" in claims 11 and 26 of the '212 patent is indefinite for the reasons set forth in the *AT&T* decision with respect to claims 2-4 of the '212 patent, Plaintiff argues the Court's prior reasoning with respect to claims 2-4 does not control with respect to claims 11 and 26. According to Plaintiff, the references to "indication" in claims 11 and 26 are to indications that are sent in the "downlink" direction, whereas the references in claims 2-4 are to indications being sent from the subscriber unit to the base station. Plaintiff therefore urges that "the indication" has its antecedent in the independent claims wherein "an indication" and "another indication" refer to the same iterative step of notifying the subscriber unit of the designated set of subcarriers.

**Section IV.B**

Finally, Defendants sought summary judgment that the terms "desired for use" in claims 11, 19, and 21 of the '748 patent[2] and claim 18 of the '212 patent, and "desires to employ" in claims 8 and 21 of the '748 patent are indefinite because they are "completely dependent on a person's subjective opinion." *Datamize LLC v. Plumtree Software, Inc.*, 417 F.3d 1342, 1350 (Fed. Cir. 2005). In Section IV.B of the Report and Recommendation, the magistrate judge recommended denying Defendants' motion as to these terms. The magistrate judge, in effect, construed "desired" to mean "requested" and "desires" to mean "requests." Report and Recommendation at pgs. 12-13.

**Defendants' objections to Section IV.B**

Defendants object to Section IV.B of the Report and Recommendation. According to Defendants, although the Report and Recommendation nominally cites to the *Nautilus* standard, it does not apply the new standard but uses the analysis from the pre-*Nautilus AT&T* decision. Defendants assert as an initial matter that the Report and Recommendation's interpretation of "selecting a set of subcarriers/clusters" as "requesting/requesting use of those subcarriers or clusters" improperly reads the term "desires/d" out of the claim.

Defendants further assert the magistrate judge, contrary to *Nautilus,* effectively rewrote the claims to require "requested for use/requests to employ" rather than "desired for use/desires to employ." According to Defendants, if invalidity can be avoided only by redrafting an otherwise indefinite claim, then the courts would "tolerate imprecision" and "diminish the definiteness requirement's public-notice function and foster the innovation-discouraging 'zone of uncertainty,' … against which [the] Court has warned." *Nautilus*, 134 S. Ct. at 2123. Defendants

---

[2] According to Defendants, Plaintiff has since dropped claims 11 and 19 of the '748 patent.

contend the specification does not disclose how the subscriber would go about determining a desired coding/modulation rate, only that it does so.

Relying on *Interval Licensing LLC v. AOL, Inc.*, 766 F.3d 1364 (Fed. Cir. 2014), Defendants assert the specification does not provide "a reasonably clear and exclusive definition" to provide an objective boundary. Defendants argue there is no "objective anchor" for "desires to employ," making this term indefinite.

To the extent the Court denies Defendants' Motion for Summary Judgment of Indefiniteness, Defendants request that the Court clarify whether the issue of indefiniteness of the terms "desires to employ" and "desired for use" remains an issue for trial or whether the Court will enter Judgment as a Matter of Law against Defendants on these issues.

## *DE NOVO* REVIEW

In their objections to the Report and Recommendation, Defendants present the same arguments regarding "desired for use" and "desires to employ" that were presented to the magistrate judge. The Court finds that the Report and Recommendation did not improperly rewrite the claims, read out the "desired" limitation, or engage in a "narrowing construction." The magistrate judge expressly applied the *Nautilus* standard and found these claim terms, viewed in the light of the specification, inform those skilled in the art regarding the scope of the '748 patent and the '212 patent with "reasonable certainty." Indeed, *Nautilus* itself acknowledged that "absolute precision is unattainable." 134 S. Ct. at 2129.

The Court also agrees with the magistrate judge that "[c]onstruing a term so as to steer clear of subjectiveness or indefiniteness does not . . . amount to a finding that the word 'desired' necessarily renders a claim indefinite." Report and Recommendation at pg. 12. The magistrate

judge properly found the claims and the specification provide context in which "desired" refers to what is being requested.

Finally, Defendants request clarification as to whether the issue of indefiniteness of the terms "desires to employ" and "desired for use" remains an issue for trial or whether the Court will enter Judgment as a Matter of Law against Defendants on these issues. Because the question of indefiniteness is a question of law for the Court as part of claim construction, the present Memorandum Order Adopting Report and Recommendation resolves the parties' disputes as to indefiniteness such that these issues are not reserved for trial. *Datamize*, 417 F.3d at 1347 ("A determination of claim indefiniteness is a legal conclusion that is drawn from the court's performance of its duty as the construer of patent claims.") (citations and internal quotation marks omitted).

Turning to Plaintiff's objections, regarding "each cluster," *Nautilus* abrogated the use of a "narrowing construction" to avoid a finding of indefiniteness. Indeed, the Supreme Court explicitly identified the "narrowing construction" standard in a footnote when finding that the standards set forth by the Court of Appeals for the Federal Circuit were "falling short." *See* 134 S. Ct. at 2130 n.9. Plaintiff's arguments to the contrary are unavailing. Applying the new standard under *Nautilus*, the recited "set of candidate subcarriers" is not an explicit antecedent basis and is not a reasonably clear implicit antecedent basis. Thus, "each cluster" lacks any clear antecedent basis. Finally, Plaintiff has failed to demonstrate any requirement for deference to expert opinions as to whether a person of ordinary skill in the art would find a claim indefinite. *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1318 (Fed. Cir. 2005) ("[A] court should discount any expert testimony that is clearly at odds with the claim construction mandated by the claims

themselves, the written description, and the prosecution history, in other words, with the written record of the patent.") (citation and internal quotation marks omitted).

As to Plaintiff's objections regarding the term "the indication," Plaintiff has failed to demonstrate that claims 11 and 26 of the '212 patent are distinguishable from claim 2 of the '212 patent in any relevant manner. In particular, although Plaintiff argues that claim 2 refers to uplink but claims 11 and 26 refer to downlink, any such distinction does not ameliorate the facial ambiguity as to whether the antecedent basis for "the indication" in the dependent claims is "an indication" or "another indication" in the independent claims. Plaintiff's argument that "an indication" and "another indication" refer to the same step in an iterative process is unavailing because even under Plaintiff's interpretation, different iterations may yield different indications.

The Court, having reviewed the relevant briefing, the Report and Recommendation, the objections, and the responses to the objections, is of the opinion the findings and conclusions of the magistrate judge are correct. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. Accordingly, it is hereby

**ORDERED** that Defendants' Motion for Summary Judgment of Invalidity Based on Indefiniteness Under 35 U.S.C. § 112(b) (Dkt. Nos. 81, 75, 85, 68, 76, 75, 78 & 60) are **GRANTED** as to claim 8 of the '748 patent and claims 9, 11, and 26 of the '212 patent but are otherwise **DENIED**.

**It is SO ORDERED.**

**SIGNED this 20th day of November, 2014.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE